UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARENCE LEROY PALMORE,

    Petitioner,

v.                                            Case No. 8:24-cv-273-WFJ-SPF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Clarence Leroy Palmore is a Florida prisoner serving a four-year sentence for sale or delivery of fentanyl, possession of fentanyl, petit theft, and false verification of ownership. Mr. Palmore initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). His sole claim for relief is that the prosecution violated the Fifth Amendment by charging him via information rather than obtaining an indictment from a grand jury. (*Id.* at 3-5). Upon careful review, the petition is denied. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Mr. Palmore alleges that in August 2022, the prosecution charged him by information rather than "presenting . . . its evidence to the grand jury" and obtaining an indictment. (Doc. 1 at 4). According to Mr. Palmore, the prosecution's failure to indict him by grand jury violated his rights under the Fifth Amendment. (*Id.* at 4-5). The Fifth

Amendment's Indictment Clause states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. But the "Fifth Amendment's grand jury indictment requirement is not applicable to the States." *Grim v. Sec'y, Fla. Dep't of Corr.*, 705 F.3d 1284, 1287 (11th Cir. 2013); *see also Alexander v. Louisiana*, 405 U.S. 625, 633 (1972) (noting that "the Due Process Clause" "does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury"). As a result, Mr. Palmore's sole ground for relief lacks merit, and the petition must be denied. *See Cutaia v. Sec'y, Dep't of Corr.*, No. 6:10-cv-1170-GAP-GJK, 2011 WL 4356160, at *16 (M.D. Fla. Sept. 19, 2011) ("Petitioner alleges that his Fifth Amendment rights were violated because he was not formally indicted by a grand jury for the offenses charged in the information. . . . This allegation fails to state grounds for habeas relief because there is no federal constitutional right to be tried upon a grand jury indictment for a state offense.").

Accordingly, Mr. Palmore's petition for writ of habeas corpus, (Doc. 1), is **DENIED**. Because Mr. Palmore fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). The **CLERK** is directed to enter judgment in favor of Respondent and against Mr. Palmore and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on February 1, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE